IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　Plaintiff,<br><br>　　vs.<br><br>GARY TARRENCE,<br><br>　　　　　　　Defendant. | 4:14CR3125<br><br>MEMORANDUM AND ORDER |

The defendant has pleaded guilty to Count II of the Superseding Indictment. But as to Court I, which alleges the defendant was engaged in a conspiracy to distribute marijuana, (see Filing No. 18), the defendant has moved to compel discovery, (Filing No. 24), and for a bill of particulars, (Filing No. 25). For the reasons described below, these motions will be denied.

Motion to Compel
(Filing No. 24)

The defendant asked for information about the canines used by the government during the investigation of this case. In response, the government provided copies of the November 2012 and October 2013 certifications of Lincoln Police Department Officer Tyler Dean and canine officer, Kony, and the canine training records from April 2013 through December 2014. The defendant seeks additional information. The defendant's demands, and the government's responses are as follows:

| The defendant demands: | The government responds: |
|---|---|
| Recordings as follows: | |
| • All videotapes, and audio, digital or other recordings regarding the canine sniffs conducted on April 16 and September 24, 2014; | As to all the requested recordings, the government is not aware of any recordings of the canine sniffs. |

- Video recordings of every time Officer Howard and the canine used on September 24, 2014 reported either a positive or no indication to the odor of drugs in a vehicle; and

- Video recordings of every time Officer Dean and the canine used on April 16, 2014 reported either a positive or no indication to the odor of drugs in a vehicle or on United States currency.

| | |
|---|---|
| Credentials, training, and service records, including:<br><br>- The Police Service Dog Reports for the three years prior to the April 16 and September 24, 2014 canine sniffs for the canines involved;<br><br>- All original training records for the canines involved in the sniffs conducted on April 16, and September 24, 2014;<br><br>- All original training records for Officers Dean and Howard as canine handlers, and for the three years prior to April 16 and September 24, 2014, records of all refresher courses and service training they attended;<br><br>- The curriculum vitae for Officer Howard and his canine partner, and for Officer Dean and his canine partner; and<br><br>- Documentation of all training searches performed by Officers | This information is irrelevant. The government does not, at this time, intend to call any witness in its case-in-chief to testify about any dog sniff handled by either Officer Dean on April 16, 2014, or by Officer Howard on September 24, 2014.<br><br>And the government knows of no evidence that the handlers or their dogs are not competent or qualified to detect the odor of drugs and, specifically, marijuana. |

2

| | |
|---|---|
| Howard and Dean, and by the canines involved in the April 16 and September 24, 2014 canine sniffs (working with any handler). | |
| The Lincoln Police Department's protocols, selection criteria, and standards for selecting Officers Howard and Dean as canine handlers. | The selection process used by LPD to select canine handlers is irrelevant. |
| The name, address, and phone number of the breeder and seller of the canines used on April 16 and September 24, 2014. | The identity of the canines' breeders and sellers is irrelevant. |
| The language and idioms used to train or to command the canines used on April 16 and September 24, 2014, and the canines' expected manner of responding. | The language or idiom used to train the canines, and the specific commands used and responses expected, is irrelevant. |

The defendant states that the requested information must be produced so the defendant can adequately prepare for trial and present a meaningful defense. But other than this conclusory statement, the defendant has failed to explain how the requested information is material to preparing a defense. Where the government does not intend to offer the documents or recordings the defendant is requesting or any evidence of the canine sniffs during its case in chief, the court finds defendant's requests exceed the discovery permitted under Rule 16(a)(1)(E). Defendant's motion to compel will be denied.

## Motion for Bill of Particulars
(Filing No. 25)

The defendant requests a bill of particulars which outlines: 1) the names of all co-conspirators alleged to be part of the conspiracy; 2) the exact dates, times, locations of

3

the specific acts allegedly committed by each co-conspirator, and the amount of marijuana allegedly distributed (and by whom) during each such act; 3) the specific dates, times, and locations of defendant's allegedly conduct in furtherance of any conspiracy to distribute marijuana; and 4) the dates, locations, and identity of any persons to whom he allegedly distributed marijuana and the amount of marijuana allegedly distributed during each such act. The defendant claims "information regarding the precise dates, locations, acts, persons, and drug quantities associated with the offense charged is essential to preparing his defense and avoiding surprise at trial." (Filing No. 25-1, at CM/ECF p. 3).

If a defendant believes that an indictment lacks sufficient information to prepare a defense, then he may move for a bill of particulars. "The purpose of a bill of particulars is to inform the defendant of the nature of a charge with sufficient precision to enable him to prepare for trial and to avoid or minimize the danger of surprise at trial." United States v. Huggans, 650 F.3d 1210, 1220 (8th Cir. 2011). But "a bill of particulars is not a discovery device to be used to require the government to provide a detailed disclosure of the evidence that it will present at trial." Huggans, 650 F.3d at 1220.

> Count I of the Superseding Indictment alleges:
>
> Between on or about January 1, 2010, and on or about December 7, 2014, in the District of Nebraska, the Defendant, GARY TARRENCE, knowingly and intentionally combined, conspired, confederated and agreed with other persons, to distribute a mixture and substance containing a detectable amount of marijuana, a Scheduled I controlled substance.

(Filing No. 18).

Count I informs the defendant of the crime charged. And the government has produced its Rule 16 discovery material. What the defendant now seeks is information explaining how, precisely, the government intends to prove its case. The defendant is not entitled to this information, and his motion for bill of particulars will be denied.

Accordingly,

IT IS ORDERED:

1) The defendant's motion to compel, (Filing No. 24), is denied.

2) The defendant's motion for bill of particulars, (Filing No. 25), is denied.

3) The trial of this case is set to commence before John M. Gerrard, United States District Judge, in Courtroom 1, United States Courthouse, Lincoln, Nebraska, at 9:00 a.m. on March 2, 2015, or as soon thereafter as the case may be called, for a duration of three (3) trial days. Jury selection will be held at the commencement of trial.

February 9, 2015.

BY THE COURT:

*s/ Cheryl R. Zwart*
United States Magistrate Judge

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.