IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>            Plaintiff,<br><br>vs.<br><br>GARY TARRENCE,<br><br>            Defendant. | 4:14-CR-3125<br><br>ORDER |

    This matter is before the Court on the defendant's motion in limine (filing 107). That motion will be granted in part, and in part denied.

    The defendant's motion seeks exclusion of evidence regarding the "Crimestoppers" tip that led police to make contact with the defendant, setting in motion the sequence of events that have resulted in this prosecution. Although the motion does not recite the context for the disputed testimony, it was explained to the Court at an in-chambers pretrial conference that the "Crimestoppers" tipster provided police with specific information regarding the defendant's alleged drug-dealing activities, and the presence of a safe at the defendant's brother's house allegedly containing the proceeds of the defendant's drug-dealing operation.

    The defendant objects that such evidence would be hearsay, and violate his rights under the Confrontation Clause. To that extent, the motion will be denied: it is the Court's understanding that evidence of the tip will be offered not to prove the truth of the matter asserted (*i.e.*, the substance of the tip) but to explain why police made contact with the defendant and conducted their investigation the way they did. For those purposes, the evidence is neither hearsay nor contrary to the Confrontation Clause. *See, United States v. Shores*, 700 F.3d 366, 374 (8th Cir. 2012); *United States v. Brooks*, 645 F.3d 971, 977 (8th Cir. 2011); *compare United States v. Holmes*, 620 F.3d 836, 841-42 (8th Cir. 2010). The government, however, is cautioned to limit its use of the evidence to that necessary to establish context for the conversation between the defendant and police. *See Holmes*, 620 F.3d at 841-42.

    The defendant also suggests that the evidence would be unfairly prejudicial. The Court disagrees: the evidence, when offered for the purposes set forth above, is sufficiently probative to satisfy Fed. R. Evid. 403. The government, however, does not object to the defendant's request for an order precluding reference to the tip as having been made through

- 2 -

"Crimestoppers." The Court is not persuaded that referring to the "Crimestoppers" tip line, as opposed to any other citizen-informant, would be prejudicial to the defendant. But because the defendant's request is unopposed in that regard, the Court will grant the defendant's motion to this limited extent.

IT IS ORDERED:

1. The defendant's motion in limine (filing 107) is granted in part.

2. The government shall not refer to the anonymous tip that instigated law enforcement's contact with the defendant as a "Crimestoppers" tip.

3. The balance of the defendant's motion in limine is denied.

4. The parties shall instruct their witnesses to abide by the provisions of this order.

Dated this 13th day of July, 2015.

BY THE COURT:

John M. Gerrard
United States District Judge