IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br><br>vs.<br><br>GARY TARRENCE,<br><br>                Defendant. | 4:14-CR-3125<br><br>TENTATIVE FINDINGS |

      The Court has received the revised presentence investigation report in this case. There are no motions for departure or variance. The defendant has filed a statement of objections (filing 126) to the presentence report.

      IT IS ORDERED:

1. The Court will consult and follow the Federal Sentencing Guidelines to the extent permitted and required by *United States v. Booker*, 543 U.S. 220 (2005) and subsequent cases. In this regard, the Court gives notice that, unless otherwise ordered, it will:

    (a) give the advisory Guidelines respectful consideration within the context of each individual case and will filter the Guidelines' advice through the 18 U.S.C. § 3553(a) factors, but will not afford the Guidelines any particular or "substantial" weight;

    (b) resolve all factual disputes relevant to sentencing by the greater weight of the evidence and without the aid of a jury;

    (c) impose upon the United States the burden of proof on all Guidelines enhancements;

    (d) impose upon the defendant the burden of proof on all Guidelines mitigators;

    (e) depart from the advisory Guidelines, if appropriate, using pre-*Booker* departure theory; and

- (f) in cases where a departure using pre-*Booker* departure theory is not warranted, deviate or vary from the Guidelines when there is a principled reason justifying a sentence different than that called for by application of the advisory Guidelines, again without affording the Guidelines any particular or "substantial" weight.

2. The defendant has filed a statement of objections (filing 126) to the presentence report.

    (a) First, the defendant objects to the use of any currency seized from his residence or the safe at his brother's residence to determine the drug quantity for which he is responsible. Filing 126 at 1-2. The Court is authorized under the Guidelines to convert seized money into a quantity of drugs, in order to accurately reflect the scale of drug trafficking activity. *United States v. King*, 518 F.3d 571, 575 (8th Cir. 2008). But the government must show, by a preponderance of the evidence, that the seized money derived from drug sales. *See id.*; *United States v. Echols*, 2 F.3d 849, 850 (8th Cir. 1993). The Court will consider the evidence adduced at trial and sentencing, and resolve this objection at sentencing.

    (b) Next, the defendant objects to the two-level increase in the offense level for the possession of a firearm, pursuant to U.S.S.G. § 2D1.1(b)(1). Filing 126 at 2-3. He argues that "it is clearly improbable that the weapon was connected with the offense." Filing 126 at 3 (citing § 2D1.1 cmt. n.11(A)). For § 2D1.1(b)(1) to apply, the government must prove two things: (1) the gun was possessed and (2) it was not clearly improbable that the weapon was connected to the drug offense. *United States v. Anderson*, 618 F.3d 873, 880 (8th Cir. 2010). The firearm must be connected with the criminal activity before its possession can be used to enhance the defendant's sentence, and the mere presence of a firearm is an insufficient predicate for a § 2D1.1(b)(1) enhancement. *Id.* at 880-81. But the government can prove that the weapon was connected with the offense by showing that a temporal and spacial relation existed between the weapon, the drug trafficking activity, and the defendant. *Id.* at 881. Mindful of those principles, the Court will resolve this objection at sentencing.

    (c) Finally, the defendant objects to the statement in the presentence report that he is not eligible for a two-level safety valve reduction

    pursuant to § 2D1.1(b)(17), because he contends that he did not possess a firearm in connection with the offense. Filing 126 at 3. But, the Court notes, § 2D1.1(b)(17) requires that the defendant meet the criteria set forth in subsections (1) through (5) of U.S.S.G. § 5C1.2(a), including the requirement that the defendant truthfully provide to the government all information and evidence the defendant has concerning the offense of conviction. And there is no indication that the defendant has done so. The Court is aware that the safety valve is available so long as the government receives the information no later than the time of the sentencing hearing, even if a defendant's last-minute move to cooperate is a complete about-face. *Deltoro-Aguilera v. United States,* 625 F.3d 434, 437 n.3 (8th Cir. 2010); *see also, United States v. Morones,* 181 F.3d 888, 891 (8th Cir. 1999); *United States v. Tournier,* 171 F. 3d 645, 646-47 (8th Cir. 1999). But the Court is also aware that the defendant has the burden to show affirmatively that he has satisfied each requirement for the safety value, including whether truthful information and evidence have been given to the government. *United States v. Alvarado-Rivera,* 412 F.3d 942, 947 (8th Cir. 2005). So, the Court will consider whether the defendant is eligible for safety valve relief <u>if</u> a safety valve interview is completed and all other safety valve conditions are met.

3.    The defendant's statement of objections also states his opposition to the forfeiture of any property. Filing 126 at 4. The Court need not consider the matter of forfeiture at this time, as the government has not moved for a preliminary order of forfeiture pursuant to Fed. R. Crim. P. 32.2.

4.    There are no motions that require resolution at sentencing. (The Court notes that although the defendant did not file a separate motion for variance, his statement of objections to the presentence report does ask the Court to consider the § 3553(a) factors and impose a probationary sentence. Filing 126 at 4. Although the Court does not consider this to be a separate motion for variance, the Court will, as always, consider the § 3553(a) factors in determining what sentence is warranted.)

5.    Except to the extent, if any, that the Court has sustained an objection, granted a motion, or reserved an issue for later resolution in the preceding paragraph, the parties are notified that the Court's tentative findings are that the presentence report is correct in all respects.

- 4 -

6. If any party wishes to challenge these tentative findings, that party shall, as soon as possible (but in any event no later than three (3) business days before sentencing) file with the Court and serve upon opposing counsel an objection challenging these tentative findings, supported by a brief as to the law and such evidentiary materials as are required, giving due regard to the local rules of practice governing the submission of evidentiary materials. If an evidentiary hearing is requested, such filings should include a statement describing why a hearing is necessary and how long such a hearing would take.

7. Absent timely submission of the information required by the preceding paragraph, the Court's tentative findings may become final and the presentence report may be relied upon by the Court without more.

8. Unless otherwise ordered, any objection challenging these tentative findings shall be resolved at sentencing.

Dated this 18th day of August, 2015.

BY THE COURT:

_John M. Gerrard_
John M. Gerrard
United States District Judge