IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | 4:14-CR-3125 |
| vs. | |
| | ORDER |
| GARY TARRENCE, | |
| Defendant. | |

On October 1, 2015, this matter came on before the Court upon the United States' Motion for Issuance of Preliminary Order of Forfeiture (filing 132). The United States was represented by Bruce W. Gillan and Nancy A. Svoboda; Gary Tarrence was represented by Korey L. Reiman. The Court took judicial notice of the trial record. The Court received evidence and heard argument. The United States' motion was then submitted. The Court, being duly advised in the premises, finds as follows.

On December 9, 2014, the federal grand jury sitting in this District returned a two-count Superseding Indictment against the Defendant (filing 18). Count I charged the Defendant with conspiracy to distribute marijuana, in violation of 21 U.S.C. § 846. Count II charged the Defendant with possession with intent to distribute marijuana in violation of 21 U.S.C. § 841(a)(1). On December 24, 2014, the Defendant pled guilty to Count II of the Superseding Indictment. Filing 48. The Defendant went to trial on Count I of the Superseding Indictment on July 14, 2015; he was found not guilty on July 17, 2015. He was sentenced on Count II on October 1, 2015. Filing 147.

At the Defendant's trial, the Court heard testimony concerning the $224,000.00 cash, seized on April 15, 2014, from the residence of the Defendant's brother, David Tarrence, and his girlfriend, Tamara Geis. The Court is informed that money is in the possession of the U.S. Marshals Service. During the trial, the Court also heard testimony that $5,892.00 cash was seized from the Defendant's residence on April 15, 2014. The Court is informed the $5,892.00 is also in the possession of the Marshals Service.

The Court will deny the Plaintiff's motion to forfeit $14,108.00 of the $224,000.00 seized from David Tarrence's and Tamara Geis's residence. Consequently, the U.S. Marshals Service should be directed to return that $224,000.00 to David Tarrence and Tamara Geis, by delivering it to the trust account of their attorney of record, Timothy P. Sullivan.

Pursuant to the trial testimony, for the reasons stated by the Court on the record at the October 1, 2015 hearing, the Defendant forfeits his interest in the $5,892.00 seized from his residence on April 15, 2014. The United States is entitled to possession of that money pursuant to 21 U.S.C. § 853.

IT IS ORDERED:

1. The United States' Motion for Issuance of Preliminary Order of Forfeiture (filing 132) is hereby denied in part and sustained in part.

2. Based upon the trial held July 14 to July 17, 2015, the United States is authorized to seize the $5,892.00 seized from the Defendant's residence on April 15, 2014. The Defendant's interest in this $5,892.00 is forfeited to the United States for disposition in accordance with the law, subject to the provisions of 21 U.S.C. § 853(n)(1). This $5,892.00 is to be held by the United States in its secure custody and control.

3. Pursuant to 21 U.S.C. § 853(n)(1), the United States shall publish for at least 30 consecutive days on an official internet government forfeiture site, www.forfeiture.gov, notice of this Order, a Notice of Publication evidencing the United States' intent to dispose of the currency in such manner as the Attorney General may direct, and notice that any person, other than the Defendant, having or claiming a legal interest in any of the subject currency must file a Petition with the Court within 30 days of the final publication of notice or of receipt of actual notice, whichever is earlier.

4. Said published notice shall state the Petition referred to in Paragraph 3, above, shall be for a hearing to adjudicate the validity of the Petitioner's interest in the currency, shall be signed by the Petitioner under penalty of perjury, and shall set forth the nature and extent of the Petitioner's right, title, or interest in the subject currency and any additional facts supporting the Petitioner's claim and the relief sought.

5. The United States may also, to the extent practicable, provide direct written notice to any person known to have an interest in the currency to this Order as a substitute for published notice as to those persons so notified.

6. Upon adjudication of all third-party interests, this Court will enter a Final Order of Forfeiture pursuant to 21 U.S.C. § 853(n), in which all interests will be addressed.

7. The U.S. Marshals Service shall return the $224,000.00 in its possession to the persons from whom it was seized, David Tarrence and Tamara Geis, by delivering it to the trust account of their attorney of record, Timothy P. Sullivan.

Dated this 16th day of October, 2015.

BY THE COURT:

John M. Gerrard
United States District Judge